UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS FRAZIER,<br><br>　　　Plaintiff,<br>v.<br><br>ANTHONY BONNEVILLE, Correctional Officer; JOHN DOE, Correctional Officer; DAVID TUTTLE, Superintendent of the Worcester County Sheriff's Office; LEWIS EVANGELIDIS, Worcester County Sheriff,<br><br>　　　Defendants. | Civ. No.: 25-cv-40016-MRG |

### ORDER ON DEFENDANTS' MOTION TO DISMISS, [ECF No. 7].

**GUZMAN, J.**

　　For the reasons stated in the Defendants' Motion to Dismiss, [ECF Nos. 7, 8], and without opposition from Plaintiff, the Court hereby **GRANTS** the Motion to Dismiss.

　　The Prison Litigation Reform Act requires prisoners to exhaust available administrative remedies before bringing an action with respect to prison conditions under 42 U.S.C. § 1983 or any other federal law. 28 U.S.C. § 1997e(a); see Acosta v. U.S. Marshals Serv., 445 F.3d 509, 512 (1st Cir. 2006). Exhaustion is mandatory and unexhausted claims must be dismissed if a defendant raises the issue and proves that exhaustion requirements were not satisfied. See Jones v. Bock, 549 U.S. 199, 211 (2007) (determining that proper exhaustion is defined by the prison's requirements, and not the PLRA). Proper exhaustion of administrative remedies entails "using all steps that the agency holds out and doing so properly (so that the agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th

Cir. 2002)). This includes compliance with administrative deadlines. Id. (holding that a prisoner must comply with administrative deadlines and thus cannot exhaust by filing an untimely grievance).

Plaintiff concedes in his filings that his grievance forms submitted to the Worcester County Jail and House of Corrections were untimely and does not provide an opposition to the Defendants' motion. There have been no arguments made by Plaintiff for the Court to consider whether the PLRA exhaustion is intertwined with the merits of the claims brought against Defendants. See, e.g., Perttu v. Richards, 605 U.S. 460 (2025). Therefore, the Court must **GRANT** the Defendants' Motion to Dismiss for the reasons stated in their memorandum of law. [ECF No. 7, 8].

**SO ORDERED.**

Dated: February 2, 2026

/s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge